IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

ADAM JAMES RECHA,

                        Plaintiff,
  v.                                                                 OPINION and ORDER

ANDREW M. SAUL,                                            19-cv-317-jdp
  Commissioner of Social Security,

                        Defendant.[1]
_____

Plaintiff Adam James Recha seeks judicial review of a final decision of defendant Andrew Saul, Commissioner of the Social Security Administration, finding him not disabled under the Social Security Act. He contends that administrative law judge (ALJ) Lawrence E. Blatnik erred in (1) assigning weight to two sources' opinions regarding Recha's capabilities; and (2) improperly accounting for Recha's mental limitations in determining his residual functional capacity (RFC). The case is scheduled for oral argument on January 6, 2020, but oral argument is unnecessary. Because neither of Recha's arguments warrants remand, the court will affirm the commissioner's decision.

BACKGROUND

Recha was injured in a car accident on November 24, 2014, hitting his head on his car's windshield. R. 13 and R. 282.[2] After receiving initial treatment for his injuries, he was

---

[1] The court has changed the caption to reflect that Andrew Saul was confirmed as the Commissioner of the Social Security Administration after Recha filed this lawsuit.

[2] Record cites are to the administrative transcript, located at Dkt. 9. The ALJ mistakenly stated that Recha's accident occurred in 2015, R. 13, but Recha's medical records show that it

voluntarily hospitalized a few weeks later, reporting that he was hearing voices telling him to harm himself and others.³ He was discharged to outpatient care a few days after his admission with a diagnosis of schizophrenia, a cognitive disorder due to his head injury, and cluster A personality traits. R. 387. He took psychiatric medications and participated in therapy to manage his symptoms. R. 1020.

He filed an application for disability insurance benefits on January 27, 2015, alleging that he had been disabled since September 28, 2014. The ALJ held a hearing on November 16, 2017, after which the agency arranged for Recha to be examined by a consulting psychologist, Brenda Reed. After receiving Reed's report, the ALJ determined that Recha had severe impairments of schizophrenia, depression, attention deficit disorder, personality disorder, and a history of traumatic brain injury. R. 13. He concluded that Recha had the RFC to perform a full range of work at all exertional levels so long as he was restricted to "simple, routine, repetitive tasks" with "only brief, superficial contact with supervisors or the public" and that he could "tolerate simple changes in routine, avoid hazards, travel independently and make and carry out simple plans." R. 15. Based on this RFC, the ALJ denied Recha's application for benefits, concluding that he could perform his past relevant work as a store laborer, R. 17.

So long as the ALJ's decision applies the correct legal standards and is supported by substantial evidence in the record, the court must uphold it. *Campbell v. Astrue*, 627 F.3d 299, 306 (7th Cir. 2010).

---

occurred in 2014, R. 282.

³ The ALJ says Recha was involuntarily hospitalized, R. 13, but Recha's medical records show that he asked to be hospitalized because of his auditory hallucinations, R. 305.

2

ANALYSIS

A. Weight given to source opinions

Recha challenges the weight given by the ALJ to the opinions of Lisa Fitzpatrick, a state agency psychologist, and Randall Ahrens, Recha's therapist.

1. Fitzpatrick's opinion

Recha contends that the ALJ erred in assigning great weight to the opinion of Lisa Fitzpatrick, the state agency consultant who reviewed Recha's medical record in November 2015. (Actually, the ALJ gave only significant weight, not great weight, to Fitzpatrick's opinion. This is but one of several inaccuracies in Recha's brief; this one is not material to the court's analysis.) Fitzpatrick noted that in January 2015, Recha had responded well to medication and "did not show any signs of active psychosis." R. 78–79. Recha says that Fitzpatrick's opinion is outdated. An ALJ cannot rely on a medical reviewer's opinion if later medical evidence could reasonably have changed the reviewer's mind. *Moreno v. Berryhill*, 882 F.3d 722, 728 (7th Cir. 2018).

In his brief, Recha summarizes evidence from 2016 and 2017 in which he reported waxing and waning auditory and visual hallucinations. Fitzpatrick was aware in November 2015 that Recha had alleged worsening mental impairment. But Fitzpatrick reviewed records from Recha's mental health treatment providers from throughout 2015, and yet she concluded that Recha was not disabled. Fitzpatrick was well aware of Recha's hallucinations: shortly after the car accident, Recha reported what he called hallucinations, which he said actually began before the accident. Recha hasn't shown that his reports of hallucinations in 2016 and 2017 would have changed Fitzpatrick's conclusions. The mere fact that Recha's medical record continued to grow after Fitzpatrick's evaluation does not warrant remand. *Keys v. Berryhill*, 679

F. App'x 477, 481 (7th Cir. 2017) ("If an ALJ were required to update the record any time a claimant continued to receive treatment, a case might never end.") (citing *Scheck v. Barnhart*, 357 F.3d 697, 702 (7th Cir. 2004)). Recha simply cites continuing treatment; he does not show that Fitzpatrick's opinion is entitled to less weight than the ALJ assigned it.

### 2. Ahrens's opinion

Recha says that the ALJ failed to assess the opinion of Randall Ahrens, Recha's therapist, using the factors required by the agency. The ALJ gave lesser weight to Ahrens's restrictions than to those of agency consultants Fitzpatrick and Reed because he found Ahrens's restrictions inconsistent with and unsupported by Ahrens's treatment records and other medical-record evidence. R. 16. (In his briefing, Recha repeatedly refers to the psychological opinion of Sandra King, but a comparison of his brief to the record shows that he is discussing Reed's opinion. *Compare* Dkt. 14, at 15, *with* R. 1024.)

At the time Recha filed his claim, agency policy required ALJs to evaluate evidence from non-medical sources such as therapists using a multi-factor framework. SSR 06-03p, 2006 WL 2329939 (Aug. 9, 2006). ALJs were to evaluate such opinions under several factors, including the length of the source's relationship with the claimant and the frequency of contact between them, the opinion's consistency with other evidence, the evidence with which the source supports its opinion, the quality of the source's explanation for its opinion, the source's specialization or expertise, and any other relevant factors. *Id.* at *4–5. Not every factor applies in every case. *Id.* at *5.

But these factors do not have to be mechanically applied in every case. As the court of appeals has explained with regard to similar regulatory factors for medical-source opinions, 20 C.F.R. § 404.1527(c)(2)–(6), an ALJ isn't required to expressly weigh each factor so long as

4

he considers those that are important to the decision. *See Henke v. Astrue*, 498 F. App'x 636, 640 n.3 (7th Cir. 2012) (noting that although "[t]he ALJ did not explicitly weigh every factor while discussing her decision to reject [a treating physician's] reports," she discussed the reports under two of the regulatory factors, which was "enough"); *Elder v. Astrue*, 529 F.3d 408, 415–16 (7th Cir. 2008) (affirming denial of benefits where ALJ discussed only two of the regulatory factors). Here, the ALJ explained why he found Ahrens's restrictions inconsistent with other evidence in the record and unsupported by Ahrens's treatment notes. The ALJ's reasoning used two of SSR 06-03p's factors: consistency with other evidence in the record and the evidence with which the source supports his opinion. Recha doesn't identify what other factors the ALJ should have considered or how the ALJ's assessment of Ahrens's restrictions should have changed had he done so. The ALJ's treatment of Ahrens's opinion doesn't require remand.

**B. Recha's limitations in concentration, persistence, and pace**

Recha says that the ALJ didn't adequately account for Recha's mental limitations in his hypothetical question to a vocational expert, which was based on the restrictions in the ALJ's RFC. Recha says that because the ALJ found Recha to have moderate limitations in the area of concentration, persistence, and pace, the ALJ should have either referred to "moderate limitations in concentration, persistence, and pace" or used equivalent language in his hypothetical question.

As this court has repeatedly explained, an ALJ's finding that a claimant has a certain degree of limitations to concentration, persistence, and pace is only a generalized assessment of the claimant's abilities in a broad category of mental functioning; it is not a specific limitation that the ALJ must explicitly address in the RFC or the hypothetical question. *See, e.g., Gloege v. Saul*, No. 19-cv-250, 2019 WL 6001659, at *2–3 (W.D. Wis. Nov. 14, 2019);

*Rabitoy v. Berryhill*, No. 17-cv-495, 2018 WL 1010219, at *2 (W.D. Wis. Feb. 21, 2018). What matters is whether the RFC "adequately account[s] for the claimant's demonstrated psychological symptoms." *Jozefyk v. Berryhill*, 923 F.3d 492, 498 (7th Cir. 2019) (per curiam). Recha identifies no specific psychological symptom that is unaccounted for in the ALJ's RFC. Without showing how some such specific symptom is supported by the evidence, Recha's argument cannot succeed. *Id.*

## CONCLUSION

Recha has not shown any error in the ALJ's consideration of Fitzpatrick and Ahrens's opinions, nor has he shown that the ALJ omitted any of Recha's psychological symptoms in his RFC or hypothetical question to the vocational expert. The court will deny Recha's motion for summary judgment and affirm the commissioner's decision.

## ORDER

IT IS ORDERED that plaintiff Adam James Recha's motion for summary judgment, Dkt. 13, is DENIED, and the administrative decision is AFFIRMED. The clerk of court is directed to enter judgment in favor of the defendant and close this case.

Entered December 30, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge